UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE FERNANDEZ,

Plaintiff,

CASE NO.:

-VS-

JPMORGAN CHASE BANK, N.A.,

Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Kings County, New York.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of New York, residing in Kings County, New York.

5. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

6. Defendant is a corporation which was formed in Delaware with its principal place of business at 270 Park Avenue, New York, NY 10017.

1

7. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (718) 662-0944, and was the called party and recipient of Defendant's hereafter described calls.

8. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling his aforementioned cellular telephone number multiple times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

9. In or about April of 2013, Defendant initiated its campaign of phone calls to the Plaintiff on his aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone number: (800) 935-9935.

10. In or about April of 2013, Plaintiff answered in an attempt to be removed from the call list. Each of the calls from Defendant included an automated voice that would state the last four digits of a delinquent account on which they were attempting to collect, and provided no way for the Plaintiff to speak to an individual and be removed from the call list.

11. Plaintiff attempted to return the call to Defendant at the number from which the call was initiated, (800) 935-9935, and was met with another automated/recorded voice, and no way for Plaintiff to speak to an individual to be removed from the call list. After many minutes of holding and listening repeatedly to the automated/recorded message, Plaintiff was given an option to leave a voicemail for the Defendant, in which he stated his name, his aforementioned cellular telephone number, that he never had an account with Defendant, and directed Defendant to stop calling his aforementioned cellular telephone number.

12. In or about July of 2013, Plaintiff used a telephone book to look up and contact a local branch of Defendant, "Chase Bank", so that he could speak directly to an individual. Plaintiff contacted a Brooklyn, New York, branch of Defendant via telephone, and advised an agent/representative of the Defendant that he was getting calls from Defendant, that he did not

2

have an account with Defendant, that they had the wrong number, and that he did not want Defendant to call his aforementioned cellular telephone number any longer.

13. Despite informing Defendant on numerous occasions that they had the wrong number, Plaintiff continued to receive calls from Defendant daily from April 2013 through August of 2013, at which time Plaintiff again contacted, via telephone, a local branch of Defendant in an attempt to stop the phone calls, and was advised by an agent/representative of the Defendant to go in to the local branch of Defendant, and discuss the matter with an agent/representative at the local branch.

14. In or about September of 2013, Plaintiff went to the 6501 18th Avenue, Brooklyn, NY 11204 branch of Defendant's offices, spoke with an agent/representative of Defendant named "Dean", and advised "Dean" that he was receiving unwanted calls to his aforementioned cellular telephone number from Defendant daily, and that he wanted them to stop. After providing "Dean" with his name and date of birth, "Dean" was able to search the Defendant's system and confirm that Plaintiff did not have an account with Defendant, apologized to Plaintiff for the calls, and stated that he would have Defendant take Plaintiff's aforementioned cellular telephone number out of their system.

15. To date, Defendant has placed approximately five-hundred (500) phone calls to Plaintiff's aforementioned cellular telephone number in an effort to collect the alleged debt at issue [Please see **Exhibit A** demonstrating at least 61 phone calls from June 22, 2013 to March 22, 2014].

16. Calls by the Defendant to Plaintiff's aforementioned cellular telephone number continue through the date of filing of this Complaint (or such time as will be established after a thorough review of Defendants' records).

17. On more than 5 occasions, Plaintiff spoke with an agent/representative of the Defendant, either on the phone or in person, in an attempt to have his aforementioned cellular telephone number removed from the call list, demanding that the Defendant not call his aforementioned cellular telephone number any longer.

18. Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

19. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having his express permission to call his aforementioned cellular telephone number.

20. Upon information and belief, the telephone calls made by Defendant were placed using automated telephone dialing equipment, without human intervention.

21. Each call Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

22. Each call Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

23. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

24. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's aforementioned cellular telephone number in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

4

25. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant that they do not do business with the Defendant, that the Defendant has the wrong number, and to stop calling.

26. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

27. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

28. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

29. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

30. Plaintiff incorporates Paragraphs one through twenty-nine.

31. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

32. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Dated: July 28, 2014                            MORGAN & MORGAN, P.C.


  /s/ Peter Safirstein

PETER SAFIRSTEIN
28 W. 44th Street, Suite 2001
New York, NY 10036
Telephone: (212) 561-1637
Facsimile: (212) 564-1807
PSafirstein@forthepeople.com

AMANDA ALLEN*
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
AAllen@forthepeople.com

*Application for pro hac vice admission to be Filed*

*Counsel for Plaintiffs*

# EXHIBIT A

# Call Log for (718) 662-0944

| Caller | Date & Time |
|---|---|
| 8009359935 | 2013-06-22 13:02:20.0 |
| 8009359935 | 2013-06-25 13:01:42.0 |
| 8009359935 | 2013-06-25 22:20:17.0 |
| 8009359935 | 2013-06-25 22:40:36.0 |
| 8009359935 | 2013-06-26 02:16:19.0 |
| 8009359935 | 2013-06-26 13:06:02.0 |
| 8009359935 | 2013-06-27 13:00:35.0 |
| 8009359935 | 2013-06-28 13:05:56.0 |
| 8009359935 | 2013-08-24 13:03:40.0 |
| 8009359935 | 2013-08-28 13:01:32.0 |
| 8009359935 | 2013-08-29 13:02:53.0 |
| 8009359935 | 2013-08-30 13:21:36.0 |
| 8009359935 | 2013-09-03 05:45:28.0 |
| 8009359935 | 2013-09-04 13:06:20.0 |
| 8009359935 | 2013-09-05 13:01:26.0 |
| 8009359935 | 2013-09-05 14:45:29.0 |
| 8009359935 | 2013-09-05 15:01:06.0 |
| 8009359935 | 2013-09-05 15:05:48.0 |
| 8009359935 | 2013-09-05 15:06:18.0 |
| 8009359935 | 2013-09-05 20:30:35.0 |
| 8009359935 | 2013-09-06 05:30:40.0 |
| 8009359935 | 2013-09-07 13:01:38.0 |
| 8009359935 | 2013-09-10 13:00:32.0 |
| 8009359935 | 2013-09-11 13:03:24.0 |
| 8009359935 | 2013-09-11 18:02:11.0 |
| 8009359935 | 2013-12-19 14:00:29.0 |
| 8009359935 | 2013-12-20 14:00:33.0 |
| 8009359935 | 2013-12-21 14:01:20.0 |
| 8009359935 | 2013-12-24 14:02:39.0 |
| 8009359935 | 2013-12-25 14:00:34.0 |
| 8009359935 | 2013-12-27 14:01:29.0 |
| 8009359935 | 2013-12-28 14:00:59.0 |
| 8009359935 | 2013-12-31 14:00:22.0 |
| 8009359935 | 2014-01-01 14:00:29.0 |
| 8009359935 | 2014-01-03 14:01:27.0 |
| 8009359935 | 2014-02-11 14:00:44.0 |
| 8009359935 | 2014-02-12 14:01:05.0 |
| 8009359935 | 2014-02-13 14:00:38.0 |
| 8009359935 | 2014-02-14 14:00:20.0 |
| 8009359935 | 2014-02-15 14:01:37.0 |
| 8009359935 | 2014-02-19 14:03:44.0 |
| 8009359935 | 2014-02-21 14:00:35.0 |
| 8009359935 | 2014-02-22 14:02:34.0 |
| 8009359935 | 2014-02-25 14:01:54.0 |
| 8009359935 | 2014-02-26 14:01:29.0 |
| 8009359935 | 2014-02-27 14:01:16.0 |
| 8009359935 | 2014-02-28 14:01:17.0 |
| 8009359935 | 2014-03-01 14:01:30.0 |
| 8009359935 | 2014-03-04 14:00:35.0 |
| 8009359935 | 2014-03-05 14:00:59.0 |
| 8009359935 | 2014-03-06 14:02:31.0 |
| 8009359935 | 2014-03-07 14:02:20.0 |
| 8009359935 | 2014-03-08 14:04:39.0 |
| 8009359935 | 2014-03-12 13:00:40.0 |

Call Log for (718) 662-0944

| | |
|---|---|
| 8009359935 | 2014-03-13 13:03:18.0 |
| 8009359935 | 2014-03-14 13:00:54.0 |
| 8009359935 | 2014-03-15 13:01:37.0 |
| 8009359935 | 2014-03-18 13:03:07.0 |
| 8009359935 | 2014-03-20 13:00:34.0 |
| 8009359935 | 2014-03-21 13:05:01.0 |
| 8009359935 | 2014-03-22 13:00:29.0 |